UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA L. NORTH,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON;<br><br>WASHINGTON STATE GAMBLING<br><br>COMMISSION; and JOHN AND JANE<br><br>DOES 1–10,<br><br>　　　　　　　Defendants. | Case No. 3:23-cv-05552-TMC<br><br>ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND |

Before the Court is Defendants State of Washington and Washington State Gambling Commission's ("State Defendants") motion to dismiss. For the reasons set forth below, the Court GRANTS State Defendants' motion and, pursuant to Federal Rule of Civil Procedure 15(a)(2), GRANTS Plaintiff Brenda North's request for leave to amend.

## I.  BACKGROUND

This case arises out of North's request for accommodation for her religious objections to State Defendants' COVID-19 vaccination policy. The following facts are those alleged in the amended complaint (Dkt. 1-5). Because the Court is considering a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6), North's factual allegations must be taken as true and construed in the light most favorable to her. *See Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). The Court is not, however, required "to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

North is a former employee of the Washington State Gambling Commission ("the Commission"), a Washington State agency. Dkt. 1-5 ¶ 6. On August 9, 2021, Washington State Governor Jay Inslee issued Proclamation 21-14 (with amendments, "the Proclamation") requiring all employees of State agencies to be fully vaccinated against COVID-19 by October 18, 2021. *Id.* ¶ 9. The Proclamation allowed employers to provide religious accommodations unless doing so would cause undue hardship, consistent with the requirements of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Washington Law Against Discrimination (the "WLAD"). *Id.* ¶¶ 9–10; Proclamation No. 21-14.1(2)(a) (Aug. 9, 2021). North alleges she submitted a request for religious exemption from the state vaccination policy and that the Commission approved the exemption but stated it could not accommodate her. Dkt. 1-5 ¶¶ 12–13. The Commission terminated North's employment as Lead Testing Engineer on October 18, 2021. *Id.* ¶ 14.

North filed an action in Thurston County Superior Court alleging that Defendants are liable for failing to accommodate her religious beliefs in violation of Title VII, 42 U.S.C. § 2000e, and for religious discrimination in violation of the WLAD, RCW 49.60.180. Dkt. 1-3. North filed an amended complaint in state court on May 15, 2023. Dkt. 1-5. Defendants removed the case to this Court based on federal-question jurisdiction. Dkt. 1; *see* 28 U.S.C. § 1441(a).

State Defendants moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. 4. North filed a response (Dkt. 8), and State Defendants replied (Dkt. 11). State

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 2

Defendants filed a notice of supplemental authority regarding *Bartholomew v. Washington*, No. 3:23-CV-05209-DGE, 2023 WL 6471627 (W.D. Wash. Sept. 21, 2023) (Dkt. 15).

## II.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Complaints may be dismissed under Rule 12(b)(6) for either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr.*, 768 F.3d at 945. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 3

*Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

  **B. North's Title VII and WLAD failure-to-accommodate claims fail to meet the *Iqbal* pleading standard.**

  State Defendants move to dismiss the amended complaint on the grounds that North's Title VII and WLAD failure-to-accommodate claims do not allege facts sufficient to satisfy the Rule 8(a) pleading requirements. Dkt. 4 at 6. They contend that the amended complaint "contains only 'labels and conclusions' that are entirely 'devoid of further factual enhancement.'" *Id*. North responds that the allegations in her complaint are sufficient to satisfy Rule 8(a)(2). Dkt. 8 at 4–5.

  Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of" that individual's religion. 42 U.S.C. § 2000e-2(a)(1). An employer must "reasonably accommodate" an employee's religious practice unless such accommodation would impose "undue hardship on the conduct of the employer's business." *Id*. § 2000e(j).

  Under the WLAD, employers may not refuse to hire, discharge, bar from employment, or discriminate against in compensation or other terms of employment any person because of their religion. RCW § 49.60.180; *see Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 203 (Wash. 2014). The WLAD creates a cause of action for failure to reasonably accommodate an employee's religious practices. *Kumar*, 325 P.3d at 203. To plead a WLAD failure-to-accommodate claim, Plaintiffs must plausibly allege substantially the same elements as a Title VII failure-to-accommodate claim. *See id*. Accordingly, the Court analyzes North's state and federal claims together.

To successfully plead a Title VII failure-to-accommodate claim, Plaintiff "must plausibly allege that (1) [she] had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) [she] informed [her] employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected [her] to an adverse employment action because of [her] inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

North asserts in her amended complaint that (1) she has sincerely held religious beliefs that prevented her from receiving the COVID-19 vaccination; (2) she notified the Commission of these beliefs; and (3) the Commission subjected her to adverse employment action by terminating her employment because of her religious beliefs and need for accommodation, declining to provide such accommodations, and failing to engage with North regarding her requested accommodations. Dkt. 1-5 ¶¶ 12–17, 22–27, 34. However, North offers no further factual detail to support these assertions. Without more, her assertions are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are insufficient to survive a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678. Specifically, North's claims for relief are not plausible without additional factual detail regarding the nature of her religious beliefs, how she notified the Commission of her beliefs, how these beliefs conflicted with the vaccine mandate, what reasonable accommodation she requested, and what was insufficient about the Commission's interactive process.[1] Accordingly, North fails to state a claim for failure to accommodate her religious beliefs under Title VII or the WLAD.

---

[1] North filed her Religious Exemption Request Form as an exhibit with her response, Dkt. 9-1 at 2, but the Court cannot consider this exhibit at the pleading stage because North did not file it with her amended complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("[N]ew allegations contained in [an] opposition . . . are irrelevant for Rule 12(b)(6) purposes." (internal quotation marks omitted)).

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 5

### C.     The Doe Defendants are dismissed.

North asserts claims against fictitious Defendants she identifies as "John and Jane Does 1–10." State Defendants argue that the fictitious Defendants should be dismissed because "[g]enerally, 'Doe' pleading is improper in federal court." Dkt. 4 at 11 (quoting *McMillan v. Dep't of the Interior*, 907 F. Supp. 322, 328 (D. Nev. 1995)). North does not dispute this argument, but rather asserts that the "Doe" naming convention is proper in state court, where she filed the action, and she requests leave to amend. Dkt. 8 at 9.

A plaintiff must name all intended defendants in the caption of the complaint or any superseding amended complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Ninth Circuit generally disfavors the use of "John Doe" to identify a defendant. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, when the identity of a party is unknown prior to filing a complaint but will eventually be made known through discovery, a plaintiff may initially rely on the use of "John or Jane Doe" in the pleading. *Id.*

Here, "John or Jane Does 1–10" serves as a catch-all to encompass any possible additional party. North states in her amended complaint that "[t]he true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to the Plaintiff." Dkt. 1-5 ¶ 8. She addresses the roles of the Doe Defendants in her claim only in broad and uncertain terms: "Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants . . . are in some manner responsible for the occurrences, acts, and omissions alleged herein and that the Plaintiff's damages were proximately caused by their conduct." *Id.* North's use of "John or Jane Doe" as a catch-all without specifying the unnamed Defendants' capacity or role in the claim constitutes a disfavored use of the "John or Jane Doe" naming convention. The Court dismisses the action as to the fictitious Defendants identified as "John or Jane Does 1–10."

ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND - 6

### D. Leave to amend is granted.

North requests leave to amend her complaint to add facts supporting her claims and any additional defendants using their legal names. Dkt. 8 at 9. State Defendants do not oppose this request. *See generally* Dkt. 11.

Leave to amend shall be given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988). When a court dismisses a complaint, it must grant leave to amend "if it appears at all possible that the plaintiff can correct the defect," or if it can "conceive of facts that would render plaintiff's claim viable and [can] discern from the record no reason why leave to amend should be denied." *Id.* (internal quotations omitted). When assessing the propriety of leave to amend, courts consider five factors: bad faith, undue delay, prejudice to the opposing party, futility, and prior amendment. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, it appears possible that North can correct the defects in her complaint by providing additional factual details supporting her claims and adding any additional defendants using their legal names. Although North has already amended her complaint once, there is no indication of bad faith, amendment would not cause undue delay or prejudice to the opposing party, and amendment would not necessarily be futile. Accordingly, the Court grants North's request for leave to amend. The Court will allow North 14 days after entry of this order to file a second amended complaint.

### III. CONCLUSION

Therefore, it is hereby ORDERED that:

- State Defendants' motion to dismiss is GRANTED. Plaintiff's operative complaint is DISMISSED.

- Plaintiff's request for leave to amend is GRANTED. The Court will allow Plaintiff 14 days after entry of this order to file a second amended complaint.

Dated this 30th day of November, 2023.

Tiffany M. Cartwright
United States District Court Judge